UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE:                                                   Case No. 6:14-bk-06580-CCJ
                                                         Chapter 7
PATRICK JAY MCGUFFIN,
SHEILA ANN MCGUFFIN,

     Debtors.
_____/


PATRICK JAY MCGUFFIN,                                    Case No: 6:14-ap-00126-CCJ
SHEILA ANN MCGUFFIN,

     Plaintiffs,
v.

HOMEWARD RESIDENTIAL, INC., et. al.,

     Defendants.
_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO COUNT II

Defendants, HOMEWARD RESIDENTIAL, INC. ("Homeward"), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and OCWEN LOAN SERVICING ("Ocwen"), through counsel and pursuant to Rule 7056, Fed. R. Bankr. P., move the Court for entry of Final Summary Judgment in their favor as to Count II[1] of the Complaint (Doc. No. 1), and against the Plaintiffs ("Debtors"). In support of their motion, the Defendants state as follows:

### Summary of Argument

The only remaining issue in this case is whether the discharge injunction imposed by 11 U.S.C. 524(a) prohibits the perfection of an otherwise valid mortgage – it does not. The Debtors

---

[1] Count I was previously dismissed by the Court for lack of subject matter jurisdiction. *See* Doc. No. 17. The only remaining count in the Complaint is Count II.

executed the Mortgage (attached to the Complaint as Exhibit B) and granted a security interest in their home to Homeward.  The Debtors mistakenly conflate the concept of lien perfection with lien attachment, and argue that perfection of the mortgage is a prohibited act to collect on a discharged claim. While the *in personam* obligation of the Debtors under the Loan Documents has been discharged, the *in rem* obligation secured by the property remains intact. Accordingly, the discharge injunction does not preclude perfection of the Mortgage and the Defendants are entitled to final summary judgment in their favor.

**I.**      **Undisputed Facts**

1.      The material facts of this case are not in dispute.

2.      On November 11, 2004, the Debtors purchased real property with address 289 Lake Doe Blvd., Apopka, FL 32703, more particularly described as:

> LOT 5, COUNTRY LANDING, ACCORDING TO THE
> PLAT THEREOF, AS RECORDED IN PLAT BOOK 23,
> PAGES 103 THROUGH 105, PUBLIC RECORDS OF
> ORANGE COUNTY, FLORIDA

("Homestead Property").

3.      In July 2013, the Debtors refinanced the mortgage on their Homestead Property, and accomplished such refinancing with Homeward.

4.      Homeward funded the Debtors' refinance in the amount of $188,850.00, which amount satisfied the amount the Debtors owed to the previous first mortgage holder.

5.       As part of the refinance, on July 24, 2013, the Debtors signed a mortgage in favor of Homeward ("Mortgage"). The Mortgage is attached to the Complaint as Exhibit B.

6.      The Mortgage was not recorded in the public records of Orange County, Florida, and was instead recorded in the public records of Seminole County, Florida.

7.      On June 5, 2014, the Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code.

8.      On September 9, 2014, the Debtors filed this adversary proceeding.

9.      On November 19, 2014, the Court entered the *Discharge of Debtor* under section 727 of the Bankruptcy Code. *See* Main Case Doc. No. 31.

10.     The Debtors continue to make payments on the Mortgage.

11.     Based on these undisputed facts, the Debtors incorrectly conclude that the discharge injunction prohibits the Defendants from perfecting the Mortgage by recording it in the correct county. As explained below, the discharge injunction does not impose any restriction against perfection of the Mortgage, and the Defendants are entitled to judgment as a matter of law.

## II.    Summary Judgment Standard

12.     Pursuant to Rule 7056(a), Fed. R. Bankr. P., "[t]he court shall grant summary judgment shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

13.     The facts of this case are simple and not in dispute. The only question before the Court is a question of law: whether the recordation of a mortgage, validly executed by the Debtors as to their homestead, is an *in personam* act to collect prohibited by the discharge injunction. That question resolves in favor of the Defendants.

## III.    Argument: Perfection of a mortgage that was validly executed pre-petition does not violate the discharge injunction.

### A.   The discharge injunction prohibits only *in personam acts to collect.*

14.     Section 524 provides for the injunctive effect of the section 727 discharge as follows:

**(a)** A discharge in a case under this title--

> **(1)** voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

> **(2)** operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

> **(3)** operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

15.     Subsections (a)(1) and (a)(3) are not at issue in this Case because the former concerns judgments and the latter concerns community property acquired after the Petition Date. Accordingly, only subsection (a)(2) is relevant to this case.

16.     By its terms, section 524(a)(2) concerns a debtor's personal liability for a debt. Thus, the question presented to the Court is whether perfection of a validly executed mortgage is an *in personam* act to collect against the Debtors. *See In re Waters*, No. 6:09-BK-13537-KSJ, 2013 WL 4479091, at *2 (Bankr. M.D. Fla. 2013) (Jennemann, C.J.) ("Thus, the first question before this Court is whether the Defendants' reformation action is an *in personam* action that violates the discharge injunction because it attempts to recover discharged personal liabilities of the Debtors, or whether the action is an *in rem* action against the Property only. If the action is *in*

*rem,* it does not run afoul of the discharge injunction, and the Defendants may proceed in state court.").

### B. Perfection of a mortgage is an **in rem** *act.*

17.    Perfection of a mortgage is not an *in personam* act to collect because a mortgage is *in rem* and survives discharge in bankruptcy. As the Supreme Court of the United States explained:

> To put this question in context, we must first say more about the nature of the mortgage interest that survives a Chapter 7 liquidation. ***A mortgage is an interest in real property that secures a creditor's right to repayment***. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's *in personam* liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. See 3 R. Powell, The Law of Real Property ¶ 467 (1990). A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. *83 See 11 U.S.C. § 727. ***However, such a discharge extinguishes only "the personal liability of the debtor."*** 11 U.S.C. § 524(a)(1). Codifying the rule of *Long v. Bullard,* 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy. See 11 U.S.C. § 522(c)(2); *Owen v. Owen,* 500 U.S. 305, 308-309, 111 S.Ct. 1833, 1835-1836, 114 L.Ed.2d 350 (1991); *Farrey v. Sanderfoot,* 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991); H.R.Rep. No. 95-595, *supra,* at 361.

*Johnson v. Home State Bank*, 501 U.S. 78, 82-83 (1991) (emphasis added).

18.    Following the Supreme Court's analysis in *Johnson*, Chief Judge Jennemann in *Waters* held that a creditor's attempt to reform the legal description in a mortgage did not run afoul of the discharge injunction. 2013 WL 4479091, at *2. In that case, the debtors received their discharge in late 2009 and did not reaffirm their mortgage obligation with JPMorgan Chase Bank, the creditor, nor did the debtors continue to pay on the mortgage. When the creditor initiated foreclosure proceedings in 2012, the creditor discovered that the legal description in the mortgage concerned real property in Orange County, California, not Orange County, Florida. Thus, the creditor sought to reform the legal description.

19.     Once the creditor sought reformation, the debtors reopened their bankruptcy case and filed an adversary proceeding seeking a judgment that the creditor's mortgage is invalid and seeking an injunction to prevent the reformation. The creditor moved to dismiss the adversary proceeding. The bankruptcy court granted the motion to dismiss, finding that the reformation action did not seek a remedy against the discharged debtors personally and, instead, "[t]he res and true focal point in th[e] proceeding . . . is the Property itself, encumbered by the Defendant's mortgage lien." *Id.* at *3. The court then concluded, that "reformation of th[e] mortgage is an *in rem* action because interest in the Property is not merely an incidental outcome, it is the heart of the entire dispute." *Id.*

20.     The debtors' claims in the *Waters* case are identical to the Debtors' claims against the Defendants. The Court has already dismissed the Debtors' request to invalidate the Mortgage. As for the injunctive relief requested in Count II, the Court should adopt the reasoning in *Waters* and grant judgment in favor of the Defendants.

21.     The fact that *Waters* concerned reformation instead of perfection is of no import. In fact, this case presents an easier question than *Waters* because perfection has no bearing on the validity of the mortgage as between the Defendants and the Debtors.

### C.  Under Florida law, perfection is not necessary for a mortgage to be enforceable in rem.

22.     Although the Debtors argue that a failure to perfect the Mortgage invalidates it, under Florida law, their argument is simply wrong. As explained by the Florida Fifth District Court of Appeal:

> The fact that a deed is unrecorded does not affect the efficacy or validity of the instrument as between the grantor and grantee or those with notice. *Rabinowitz v. Keefer,* 100 Fla. 1723, 132 So. 297, 299 (1931); *Black v. Skinner Mfg. Co.,* 53 Fla. 1090, 43 So. 919, 921 (1907) (holding that failure to record a deed does not affect the title of the grantee); *Fryer v. Morgan,* 714 So.2d 542, 545 (Fla. 3d DCA

> 1998) ('The law in Florida has always been that an unrecorded deed does not affect its validity as between the parties and their privies.'); *Sweat v. Yates,* 463 So.2d 306, 307 (Fla. 1st DCA 1984) ('[A] deed takes effect from the date of delivery, and the recording of a deed is not essential to its validity as between the parties or those taking with notice.... The recording statute has always been primarily intended to protect the rights of bona fide purchasers of property and creditors of property owners, rather than the immediate parties to the conveyance.'); *Fong v. Batton,* 214 So.2d 649, 652 (Fla. 3d DCA 1968); *see also* § 695.01(1), Fla. Stat. (2008). Hence, the purpose of recording a deed is to give notice to third parties, *Hensel v. Aurilio,* 417 So.2d 1035, 1037 (Fla. 4th DCA 1982), rather than validate an otherwise properly executed instrument between the parties. *Fryer; Sweat; Fong.*

*Townsend v. Morton*, 36 So. 3d 865, 869 (Fla. 5th DCA 2010).

23.     Like a deed, a mortgage is an instrument that affects title to property, and applying the Fifth DCA's analysis in *Townsend* to mortgages explains that recordation is not a prerequisite to a mortgage's effectiveness as between the mortgagor (grantor) and mortgagee (grantee).

24.     Attachment (i.e. effectiveness between grantor and grantee) of a mortgage is contractual in nature. To borrow from Florida's adoption of Article 9 of the Uniform Commercial Code, "[a] security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral . . . ."  Fla. Stat. 679.2031(1). Generally, a security agreement is enforceable once value has been given, the debtor has rights in the collateral, and the debtor has signed a security agreement with the description of the collateral. Fla. Stat. 679.2031(2). Notably, perfection is not required for a security interest to attach to collateral.

25.     Although Article 9 does not apply to real property, it is nevertheless generally illustrative of Florida law as to the difference between attachment and perfection – perfection is not a prerequisite to the existence or enforceability of a lien. Instead, the purpose of perfection is

to put the world on notice of the lien. As explained in *Townsend*, failure to record/perfect "does not affect the efficacy or validity of the instrument as between the grantor and grantee . . . ." *Id.*

26.    Applying these concepts of Florida law, Judge Jennemann in *In re JMJ Bldg. Co.*, 250 B.R. 437, 439 (Bankr. M.D. Fla. 2000) (Jennemann, J.) dismissed a chapter 11 debtor-in-possession's fraudulent and preferential transfer claims against a mortgagee bank. In *JMJ*, the debtor built a home and sold it to a husband and wife, who financed the purchase with a bank. The husband and wife granted the bank a mortgage on the home to secure repayment. Due to the mistakes of the closing agent, the deed from the debtor to the husband and the wife, and the mortgage, were recorded in the wrong county. After the husband and wife defaulted on the mortgage payments, the bank file a foreclosure case, at which time the bank discovered that the mortgage had not been recorded. The bank recorded mortgage and then the debtor filed its chapter 11 case.

27.    In its chapter 11 case, the debtor-in-possession sought to avoid the recorded mortgage as a fraudulent or preferential transfer. The bank moved to dismiss those counts of the adversary proceeding. The bankruptcy court granted the motion to dismiss, finding that the debtor-in-possession had no interest in the property because it sold the subject property well in advance of its bankruptcy case, and failure to record the deed had no effect on that transaction. The bankruptcy court elaborated on that conclusion through a brief analysis of Florida law:

> 'Recording has no particular efficacy as between seller and purchaser or grantee and grantor since the purpose of recording statutes is to give notice to third persons of the status of title and related factors.' *Hensel v. Aurilio*, 417 So.2d 1035, 1037 (Fla. 4th DCA 1982), citing, *Moyer v. Clark*, 72 So.2d 905 (Fla.1954) and *Fong v. Batton*, 214 So.2d 649 (Fla. 3d DCA 1968). The purpose of the recording statutes is to protect rights of subsequent bona fide purchasers of property and creditors of landowners rather than the parties named in the unrecorded deed. *Black v. Skinner Mfg. Co.*, 53 Fla. 1090, 43 So. 919, 920 (1907). In *Black*, the failure of the grantee to record the deed in the county where the land

was located did not affect the grantee's title or the title of the third parties claiming through the grantee as against the grantor. *Id.*

*Id.* at 439.

28.    It is clear then that, under Florida law, the Defendants' failure to record the Mortgage in the correct county did not render the Mortgage unenforceable against the Debtors' Homestead Property.

> ### D.  The undisputed facts demonstrate that the Mortgage is a valid lien against the Homestead Property that predates this bankruptcy case, and perfection of the Mortgage does not run afoul of the discharge injunction.

29.    In this case, attachment occurred when the Debtors signed the Mortgage, creating a valid and enforceable lien for the benefit of Homeward.

30.    The Debtors do not contest the validity of the Mortgage beyond the fact that it was not recorded.

31.    The fact that it was not recorded does not invalidate the Mortgage.

32.    Recordation/perfection of the Mortgage, which serves only to put others on notice of the Mortgage, is not an act to collect against the Debtors under section 524(a) and does not run afoul of the discharge injunction.

33.    Accordingly, the Defendants are entitled to final judgment in their favor in this matter, and should be permitted to record the Mortgage in the correct county.

/

/

/

/

/

[*concludes on following page*]

WHEREFORE, the Defendants respectfully request that this Court enter summary final judgment in their favor, permit the Defendants to properly record the Mortgage and file an action in state court to ensure the first priority of its mortgage against other mortgagees, and grant such other relief as is necessary and just.

Dated July 8, 2015.                                        Respectfully Submitted,


                                                           /s/ C. Andrew Roy
                                                           C. ANDREW ROY
                                                           Florida Bar No. 91629
                                                           aroy@whww.com
                                                           **WINDERWEEDLE, HAINES, WARD**
                                                             **& WOODMAN, P.A.**
                                                           Post Office Box 1391
                                                           Orlando, FL 32802-1391
                                                           (407) 423-4246
                                                           (407) 423-7014 (facsimile)
                                                           Attorneys for Homeward Residential, Inc.,
                                                           Mortgage Electronic Registration Systems,
                                                           Inc. and Ocwen Loan Servicing, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2015, a copy of the within pleading was served via CM/ECF to all parties/attorneys on the list to receive electronic service/notice in this case.


                                                           /s/ C. Andrew Roy
                                                           C. ANDREW ROY