UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PATRICK JAY MCGUFFIN    Case No.: 6:14-bk-06580-CCJ
SHEILA ANN MCGUFFIN,    Chapter 7

    Debtors.
_____/

PATRICK JAY MCGUFFIN
SHEILA ANN MCGUFFIN

    Plaintiffs,

                              Adv. Pro.:6:14-ap-00126-CCJ

v.

HOMEWARD RESIDENTIAL, INC.,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
OCWEN LOAN SERVICING LLC,

    Defendant(s).
_____/

**PLAINTIFFS' RESPONSE TO MOTION FOR
SUMMARYJUDGMENT FILED BY DEFENDANTS, AND
PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

    Patrick Jay McGuffin and Sheila Ann McGuffin (collectively the "McGuffins"), Plaintiffs, respond to the motion for summary judgment filed by Defendants (Doc. No. 19), as follows, and request entry of an order granting summary judgment pursuant to F.R.B.P. 7056 and Rule 56, Fed. R. Civ. P., and allege:

**A.**    **Undisputed Facts**

    1.    On November 11, 2004, the McGuffins purchased the following described real property in Orange County, Florida (the " Homestead Property"):

> LOT 5, COUNTRY LANDING, ACCORDING TO THE PLAT TEHREOF, AS RECORDED IN PLAT BOOK 23, PAGES 103 THROUGH 105, PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA
>
> a/k/a 289 Lake Doe Blvd., Apopka, FL 32703

2. On July 24, 2013, the McGuffins signed a document titled Mortgage[1] in favor of Defendant, Homeward Residential Inc. (the "Mortgage").

3. Defendants, Mortgage Electronic Registration Systems, Inc. and Ocwen Loan Servicing, LLC are or were servicers of the Mortgage.

4. The Mortgage is not recorded in the public records of Orange County, Florida.

5. On June 5, 2014, (the "Petition Date") the McGuffins filed the above referenced bankruptcy case.

6. On Bankruptcy Schedule "A", the McGuffins listed the Homestead Property.

7. On Bankruptcy Schedule "C", the McGuffins claimed the Homestead Property exempt under Article X, Section 4 of the Florida Constitution. No objection was filed to the exemption.

8. On Bankruptcy Schedule "F", the McGuffins listed Ocwen as a creditor holding an unsecured claim in the amount of $ 181,958.00 (the "Claim").

---

[1] On May 22, 2015, this Court dismissed Count I of the Adversary Complaint seeking to determine the validity, priority, and/or extent of lien of the Mortgage for lack of subject matter jurisdiction. The Debtor reserves the right to contest the validity, priority or extent of lien of the Mortgage in any future action and any reference to the document as a Mortgage is done for convenience purposes only.

9. On November 19, 2014, a Discharge of Joint Debtors was entered in the bankruptcy case.

10. Prior to the entry of the discharge, the McGuffins filed this adversary proceeding against the Defendants.

11. The only count remaining for determination in the adversary proceeding is Count 2. Count 2 seeks a declaratory judgment determining that Defendants are enjoined from the commencement or continuation of any action to collect, recover or offset the amounts owed for the Claim, including any action to perfect the Mortgage against the Homestead Property pursuant to 11 U.S.C. §524.

**B.     Legal Argument and Memorandum of Law**

Section 524 of the Bankruptcy Code provides in pertinent part:

(a) A discharge in a case under this title-

> **(2)** operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

A Chapter 7 discharge voids all of a debtor's personal liability on a debt. *In re Hawkins*, 377 B.R. 761, 766 (Bankr. S.D. Fla. 2007). The discharge further prevents a pre-petition creditor from attaching or perfecting a lien on the debtor's property. *Id.* at 766. See also *In re Birney*, 200 F.3d 225, 228 (4th Cir. 1999) (holding that a discharge extinguished the debt that served as the basis for lien and as a result the lien could not attach and the property could not be foreclosed on). Under Florida Law, a mortgage is

held to be a specific lien on the property described therein. See Chapter 697.02, Florida Statutes (2015).

A case with very similar facts to the McGuffins is *In re Funket*, 27 B.R. 640 (Bankr. M.D. Pa. 1982). In *Funket*, the debtor owned an interest in real property and signed a mortgage in favor of a creditor. at 642. The creditor did not record the mortgage. *Id*. A couple of years later, the debtor filed a Chapter 7 bankruptcy case and claimed an exemption for his interest in the real property. *Id*. The debtor received a discharge and the case was closed. *Id*. After the case was closed, creditor recorded the mortgage. *Id*. An adversary proceeding was filed and the debtor asserted that the creditor's attempt to perfect the mortgage by recording violated §524(a)(2). *Id*.

In *Funket*, the bankruptcy court held that the creditor's recording of the mortgage after the closing of the bankruptcy case was barred by §524(a)(2) since such a recording is an attempt to collect a discharged debt. *Id.* at 643. The Court determined that the mortgage was not a perfected lien and the creditor had nothing more than an unsecured personal obligation against the debtor, which extinguished when the discharge was entered. *Funket* at 642.

Defendants primarily rely on *In re Waters, Case No. 13-ap-00070-KSJ,* to support their argument that recording of a mortgage does not violate the discharge injunction. The facts and issues before the bankruptcy court in *Waters* are distinguishable from this case. In *Waters*, the debtors listed the creditor's mortgage on Schedule D, the creditor had recorded the mortgage prior to the bankruptcy and dealt with whether a reformation count in a foreclosure action to correct the legal description attached to the mortgage

violated §524(a)(2). Although Judge Jennemann determined that reformation was an *in rem* action which did not violate the discharge injunction in *Waters*, the Judge appeared to give weight to the fact that the debtors acknowledged in their schedules the debt was secured by their home and that they intended to reaffirm the debt. *Waters* at p. 5.

Alternately, the McGuffins listed the Defendants on Schedule F, Defendants did not have a recorded mortgage when the bankruptcy case was filed, and the McGuffins received a discharge. Defendants failed to object to the dischargeability of their debt or classification of its claim as unsecured. Additionally, Defendants are not attempting to reform a mortgage in a foreclosure action; they are attempting perfect their claim, which has since been discharged.

Defendants throughout their motion have asserted the Mortgage is valid or presented argument which relies on the assumption of a valid mortgage. This Court has determined, pursuant to the request of the Defendants, that it lacks subject matter jurisdiction to determine the validity, priority, and/or extent of lien of the Mortgage. Accordingly, the McGuffins have not addressed the validity of the Mortgage in this response as it is not under the jurisdiction of this Court.

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *F.R.B.P. 7056 and Rule 56, Fed. R. Civ. P.* There are no genuine disputes as to material facts in this case. The McGuffins are entitled to judgment in their favor as a matter of law. A discharge prevents the Defendants, a pre-petition creditor, from attaching or perfecting a lien on the debtor's property. This is supported by Section 524

of the Bankruptcy Code, *In re Funket* and the other cases cited by the McGuffins in this response and cross motion for summary judgment.

For the reasons stated above, the McGuffins request entry of an order (1) denying Defendants motion for summary judgment, (2) granting judgment in favor of the McGuffins as to Count 2; and (3) any other relief the Court deems appropriate.

/s/ Jeanne A. Kraft
Jeanne A. Kraft
Florida Bar No. 0519324
Wolff, Hill, McFarlin & Herron, P.A.
1851 W. Colonial Drive
Orlando, FL 32804
Telephone: (407) 648-0058
Fax: (407) 648-0681
Email: jkraft@whmh.com

Attorneys for Patrick Jay McGuffin and Sheila Ann McGuffin

Certificate of Service

I certify that a copy of Plaintiffs' response to Defendants' motion for summary judgment and Plaintiffs' cross-motion for summary judgment has been served on August 6, 2015 to all filing users through the CM/ECF filing system.

/s/ Jeanne A. Kraft
Jeanne A. Kraft